UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALVADOR TAMAYO,<br>Plaintiff,<br>v.<br>SPINNAKER INSURANCE COMPANY,<br>Defendant. | Case No. 1:26-cv-02037-KES-FJS<br><br>ORDER IMPOSING MONETARY SANCTIONS ON PLAINTIFF'S COUNSEL'S FIRM IN THE AMOUNT OF $84<br><br>FOURTEEN (14) DAY DEADLINE |

On August 4, 2026, this case was set for a mandatory scheduling conference before the undersigned. (ECF No. 14.) Defendant's counsel Birgit Huber Willand ("Willand") was telephonically present. Plaintiff's counsel Tina Haji Abdolhosseini did not make a telephonic appearance. (ECF No. 14.) The courtroom clerk e-mailed and called Ms. Abdolhosseini. After that phone call to Ms. Abdolhosseini's office, the courtroom clerk was informed that a substitute would appear on Ms. Abdolhosseini's behalf. No substitute appeared. The court and Defendant's counsel waited a total of thirty minutes for Plaintiff's appearance. The court ordered Ms. Abdolhosseini to show cause why sanctions should not be imposed. (ECF No. 15.) Ms. Abdolhosseini responded that she recently began maternity leave and that the firm inadvertently failed to calendar the conference and provide coverage in her absence. (ECF No. 19.) The response did not explain why the promised substitute attorney did not make an appearance. (*Id.*)

## I. LEGAL STANDARD

The Federal Rules of Civil Procedure "should be construed, administered, and employed to secure the just, speedy and inexpensive determination" of an action. Fed. R. Civ. P. 1. To that end, the rules provide for sanctions against parties who fail to comply with court orders or who unnecessarily multiply the proceedings. *See, e.g.*, Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37(b). Rule 16(f) authorizes the court to issue any just order if a party or attorney fails to appear at a scheduling or other pretrial conference.

Similarly, the Local Rules of the Eastern District of California provide that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 110. Further, "[i]n the event any attorney subject to these Rules engages in conduct that may warrant discipline or other sanctions, any Judge or Magistrate Judge may initiate proceedings for contempt under 18 U.S.C. § 401 or Fed. R. Crim. P. 42, or may, after reasonable notice and opportunity to show cause to the contrary, take any other appropriate disciplinary action against the attorney." Local Rule 184(a). "In addition to or in lieu of the foregoing, the Judge or Magistrate Judge may refer the matter to the disciplinary body of any court before which the attorney has been admitted to practice." *Id.*

Finally, the court also possesses inherent authority to impose sanctions to manage its own affairs to achieve the orderly and expeditious disposition of cases. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). The court's inherent power is that which is necessary to the exercise of all others, including to protect the due and orderly administration of justice and maintain the authority and dignity of the court. *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 764 (1980).

## II. DISCUSSION

This case was set for a scheduling conference on August 4, 2026, by minute order issued on May 21, 2026. (ECF No. 11.) Yet Ms. Abdolhosseini failed to appear at the conference and could not be contacted; and her firm failed to provide a promised substitute. In her response to the order to show cause, filed a day late, Ms. Abdolhosseini states that she recently began maternity leave and that that the office inadvertently failed to calendar and provide coverage for the

scheduled conference. (ECF No. 19.) The court and Defendant's counsel Willand waited a total of thirty minutes for Plaintiff's appearance (twelve minutes until being told a substitute attorney as forthcoming and eighteen more minutes before the court concluded that no actual substitute would appear). At the rescheduled conference on August 12, 2026, the court requested defense counsel, Ms. Willand, to provide a declaration with her billable rate. Ms. Willand states that she called in early for the conference to avoid technical difficulties and billed a total of .80 an hour, at an hourly rate of $280, for a total of $224. (ECF No. 22 ¶ 2.)

This court is burdened with a heavy caseload and is deliberate in setting time for scheduling conferences. The court congratulates Ms. Abdolhosseini on the birth of her child. And while the court is disappointed that this scheduling matter fell between cracks, the court is disinclined to sanction Ms. Abdolhoseini under these circumstances. That said, the court is less understanding of the follow-on failure to appear after being assured during the status conference that a substitute attorney would appear imminently. Plaintiff's response to the order to show cause does not acknowledge this second failure, much less explain why the promised substitute failed to appear. That unkept promise wasted the court's and counsel's time. The court estimates that eighteen minutes (.3 hours) were wasted when the promised substitute attorney failed to appear. Accordingly, the court will order Plaintiff's counsel's firm to pay Defense counsel $84 pursuant to Rule 16(f) of the Federal Rules of Civil Procedure.

III. ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The court's August 6, 2026, (ECF No. 15) order to show cause is discharged;

2. No later than fourteen (14) days from the date of this order, Plaintiff's counsel's firm shall pay Defendant's firm Hinshaw & Culbertson LLP $84 for failure to appear at the scheduling conference; and

3. Failure to timely pay will result in further sanctions.

IT IS SO ORDERED.

Dated: **September 28, 2026**

UNITED STATES MAGISTRATE JUDGE